UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

—————————————

№ 26-CV-01657 (RER) (AYS)

—————————————

RAQUEL DEJOIE

VERSUS

NASSAU COUNTY POLICE DEPT., *ET AL.*

—————————————

**MEMORANDUM & ORDER**

—————————————

**RAMÓN E. REYES, JR., District Judge:**

*Pro se* plaintiff Raquel Dejoie ("Dejoie" or "Plaintiff") filed this action on March 19, 2026. (ECF No. 1), followed by multiple amended complaints (ECF Nos. 15–21) and other motions for relief (ECF Nos. 10, 11, 19, 22). By Memorandum & Order entered May 6, 2026, the Court dismissed the action for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and for failure to comply with Rule 8 of the Federal Rules of Civil Procedure but granted Dejoie leave to file an additional amended complaint. (ECF No. 23 ("May 6 Order"). Dejoie filed a Fifth Amended Complaint on May 11, 2026, alleging various individuals and entities violated her civil rights under 42 U.S.C. § 1983; the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101; and the Fourth and Fourteenth Amendments to the United States Constitution, U.S. Const. amend. IV, XIV. (ECF No. 24 at 1). She then filed renewed motions for a temporary restraining order ("TRO") (ECF No. 25) and recusal (ECF No. 27), as well as a Sixth Amended Complaint (ECF No. 26). For the reasons that follow, Plaintiff's action is dismissed, her Sixth Amended Complaint is stricken, and her motions for a TRO and recusal are DENIED.

## BACKGROUND

The Court previously granted Dejoie's request to proceed *in forma pauperis* ("IFP") (Order Dated 5/5/2026), but dismissed her prior complaints because: (1) pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), she failed to state a claim for civil rights violations under 42 U.S.C. § 1983 against any individuals or entities she named as defendants, and (2) she provided vague allegations rather than the required "short, plain statement "of her claims against each named defendant, as required by Rule 8 of the Federal Rules of Civil Procedure. (ECF No. 23). In that Order, the Court also denied her motion for a TRO and preliminary injunction (ECF Nos. 10, 20), motion to unseal a document the Court had restricted (ECF No. 11), and two motions for recusal (ECF Nos. 19, 22).

Dejoie's Fifth Amended Complaint names as defendants Nassau County, Nassau County Police Department–Seventh Precinct, Nassau University Medical Center, Kings County Hospital Center, CUCS –Center for Urban Community Services, Samaritan Village and several named and unnamed individual officers. (ECF No. 24 at 1).  Although Dejoie does not provide specific allegations against any defendants, she generally alleges that between 2023 and 2026, she "experienced multiple involuntary transports to hospitals and psychiatric facilities" without justification and was subjected to treatment and medication without her consent in violation of constitutional rights and the ADA. (*Id.* at 2). She seeks monetary damages in the amount of twenty million dollars and injunctive relief (*Id*. at 6–7).

## LEGAL STANDARD

A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible "when

the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. In reviewing a *pro se* complaint, the court must be mindful that the plaintiff's pleadings should be held "to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *see also Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (noting that even after *Twombly*, courts "remain obligated to construe a *pro se* complaint liberally").

Nonetheless, under 28 U.S.C. § 1915(e)(2)(B), a district court shall dismiss an *in forma pauperis* action where it is satisfied that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."

## **DISCUSSION**

I.    Plaintiff Fails to Establish Grounds for Her Second Motion
      <u>for a Temporary Restraining Order or Preliminary Injunction</u>

Plaintiff requests a TRO and preliminary injunction, claiming "ongoing incidents that she perceives as threatening, intrusive, and affecting her safety, mobility, and ability to function normally in her home and surrounding environment." (ECF No. 25 at 2). As explained in the Court's May 6 Order, such relief is an extraordinary and drastic remedy. *Sussman v. Crawford*, 488 F.3d 136, 139 (2d Cir. 2007).  For the Court to consider granting Dejoie's motion, she must clearly "establish (1) irreparable harm; (2) either (a) a likelihood of success on the merits, or (b) sufficiently serious questions going to the merits

3

of its claims to make them fair ground for litigation, plus a balance of the hardships tipping decidedly in favor of the moving party; and (3) that a preliminary injunction is in the public interest." *Conn. State Police Union v. Rovella*, 36 F.4th 54, 62 (2d Cir. 2022) (quotations omitted); *Isaac v. Peace*, No. 23-CV-6275 (HG), 2023 WL 7352434, at *2 (E.D.N.Y. Oct. 11, 2023): *see also Moore v. Consolidated Edison Co. of N.Y.*, 409 F.3d 506, 511 (2d Cir. 2005) (noting that district courts have wide discretion in granting such a remedy).

Dejoie lists several incidents of an individual in her home moving towards her, or law enforcement vehicles present near her when she is outside her home, causing fear and other physical and emotional disruptions. (ECF No. 25 at 2–3). Like her prior motion, she fails to demonstrate any of the required elements for the Court to grant the relief she seeks. The only named individual in her motion is Barbara Dejoie (*Id.* at 2), whom she does not include as a defendant in her Fifth Amended Complaint (*see* ECF No. 24), and whom the Court has no authority to enjoin. *See Mochary v. Bergstein*, 42 F.4th 80, 88 (2d Cir. 2022) (explaining that federal courts generally abstain from interfering in family-relation matters). Accordingly, Dejoie's second request for a temporary restraining order and a preliminary injunction is denied.

II.    Plaintiff Fails to Establish Any Legal Basis for Recusal

Dejoie moves for recusal "based on the overall handling, timing, and disposition of Plaintiff's filings in a case involving alleged ongoing constitutional and safety-related claims." (ECF No. 27 at 2).

A party may request recusal pursuant to 28 U.S.C. § 455 "in any proceeding in which [the judge's] impartiality might reasonably be questioned." 28 U.S.C. § 455(a). "[R]ecusal motions are committed to the court's sound discretion …." *Wright v. Comm'r*,

4

571 F.3d 215, 220 (2d Cir. 2009) (citation and quotation omitted). To determine whether section 455(a) requires recusal, "the appropriate standard is objective reasonableness— whether an objective, disinterested observer fully informed of the underlying facts, [would] entertain significant doubt that justice would be done absent recusal." *United States v. Carlton*, 534 F.3d 97, 100 (2d Cir. 2008) (alteration in original, quotation and citations omitted). Recusal under section 455 typically is appropriate only in cases of bias or prejudice stemming from an extrajudicial source. *Liteky v. United States*, 510 U.S. 540, 550–51 (1994); *Chen v. Chen Qualified Settlement Fund*, 552 F.3d 218, 227 (2d Cir. 2009) ("Generally, claims of judicial bias must be based on extrajudicial matters, and adverse rulings, without more, will rarely suffice to provide a reasonable basis for questioning a judge's impartiality.").

Here, Dejoie's does not contend any bias or prejudice from an extrajudicial source. Her recusal argument is based on the May 6 Order's adverse rulings—and her perceived delay of the timing of those rulings—on her eight motions and three amended complaints filed between March 19, 2026, and May 4, 2026, and her perceived delay in the Court's response to her two more amended complaints and two motions filed since May 11, 2026 (which are all addressed in this Order).

Because plaintiff fails to demonstrate an extrajudicial basis for recusal, and no objective, disinterested observer would conclude that the Court's impartiality could reasonably be questioned, Dejoie's motion for recusal is denied.

III.     Plaintiff Failed to Seek Leave to
         File a Sixth Amended Complaint

A plaintiff may generally amend her complaint once as a matter of course within 21 days of service or a responsive pleading. Fed. R. Civ. P. 15(a). Further amendment

requires leave from the Court, *id.* at (2), and such leave may be denied "for good reason, including futility, bad faith, undue delay, or undue prejudice to the opposing party," *Yerkyn v. Yakovlevich*, 164 F.4th 224, 227 (2d Cir. 2026).

The Court granted Dejoie "a *final* opportunity to submit a Fifth Amended Complaint to assert a plausible claim" (March 6 Order at 7) (emphasis added), after she had already filed three amended complaints, two of which were filed without first seeking the required leave of the Court. As Dejoie did not seek or receive leave from the Court to file her Sixth Amended Complaint (ECF No. 26), it is stricken, and her Fifth Amended Complaint (ECF No. 24) is the operative complaint.

IV.      Plaintiff's Fifth Amended Complaint
         <u>Fails to State a Claim for Relief</u>

Because Dejoie is proceeding *pro se*, the Court reads her pleadings "liberally and interpret[s] them 'to raise the strongest arguments that they suggest.'" *McPherson v. Coombe*, 174 F.3d 276, 280 (2d Cir. 1999) (quoting *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994)). But, as the Court previously explained, her *pro se* status does not exempt her "from compliance with relevant rules of procedural and substantive law.'" *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983) (citation omitted); *Booker v. Dept. of Soc. Serv.*, No. 23-CV-4888 (ARL), 2026 WL 523064, at *5 (E.D.N.Y. Feb. 25, 2026).

In its May 6 Order, the Court granted Dejoie leave to amend and file a Fifth Amended Complaint and instructed her to "provide a short and plain statement of the relevant facts supporting each claim against each defendant," including, among other details, "a description of all relevant events, including what each defendant did or failed to do, the approximate date and time of each event, and the general location where each event occurred," and explain "who violated which federally protected rights and how;

when and where the violations occurred; and why Plaintiff is entitled to relief." (March 6 Order at 7–8). The Court also instructed that "a section 1983 claim must allege facts showing that each defendant acted under the color of a state 'statute, ordinance, regulation, custom or usage'" (*id.* citing 42 U.S.C. § 1983), and that "[p]rivate parties generally are not liable under section 1983" (*id.* citing *Sykes v. Bank of Am.*, 723 F.3d 399, 406 (2d Cir. 2013)). Even under the most liberal reading, Dejoie's Fifth Amended Complaint remains vague and fails to provide details about any specific actions by specific defendants in order for the Court to find a cognizable claim. *See Kastner v. Tri State Eye*, No. 19 Civ. 10668 (CM), 2019 WL 6841952, at *3 (S.D.N.Y. Dec. 13, 2019) (noting that a *pro se* litigant cannot expect the Court "to sift through" the complaint to find a claim).

Further, although Dejoie now includes an ADA claim, she does not allege that she is a qualified individual with a disability, that she was subjected to discrimination on the basis of disability, or was denied any participation, benefits, or services by an employer, public entity, or place of public accommodation on account of disability. Accordingly, the Fifth Amended Complaint must be dismissed. *See Gordon v. Gordon*, No. 26-CV-00493, 2026 WL 820720, at *2 (E.D.N.Y. Mar. 25, 2026) (necessarily dismissing a complaint pursuant to Rule 8).

## **CONCLUSION**

For the reasons set forth above, Plaintiff's Sixth Amended Complaint (ECF No. 26), is stricken, and her Fifth Amended Complaint (ECF No. 24), is dismissed without prejudice for failure to state a claim, *see* 28 U.S.C. § 1915(e)(2)(B)(ii), and for failure to comply with Rule 8 of the Federal Rules of Civil Procedure. Plaintiff's renewed motions

for a TRO and preliminary injunction (ECF No. 25) and for recusal (ECF No. 27) are denied.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *See Nowak v. JP Morgan Chase Bank, N.A*., No. 18-CV-4972 (BMC) (SJB), 2019 WL 8348895, at *2 (E.D.N.Y. Apr. 1, 2019) (citing *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962))].

The Clerk of Court is respectfully directed to mail a copy of this Order to Plaintiff at her address of record, note the mailing on the docket, and close the case.

SO ORDERED.


/s/ Ramón E. Reyes, Jr.

RAMÓN E. REYES, JR.
United States District Judge

Dated: May 15, 2026
       Brooklyn, New York