UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

———————————————

№ 26-CV-01657 (RER) (AYS)
———————————————

RAQUEL DEJOIE

VERSUS

NASSAU COUNTY POLICE DEPT., *ET AL.*
———————————————

**MEMORANDUM & ORDER**
———————————————

**RAMÓN E. REYES, JR., District Judge:**

*Pro se* plaintiff Raquel Dejoie ("Dejoie" or "Plaintiff") filed this action on March 19, 2026. (ECF No. 1), followed by multiple amended complaints (ECF Nos. 15, 16, 18, 21) and other motions for relief (ECF Nos. 10, 11, 19, 22), alleging violations of her right under 42 U.S.C. § 1983. By Memorandum & Order dated May 6, 2026, the Court dismissed the action for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and for failure to comply with Rule 8 of the Federal Rules of Civil Procedure but granted Dejoie leave to file an additional amended complaint. (ECF No. 23 ("May 6 Order"). In her Fifth Amended Complaint, Dejoie included claims under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101. (ECF No. 24 at 2).

By Memorandum & Order dated May 15, 2026, the Court dismissed without prejudice Dejoie's Fifth Amended Complaint for the same reasons it dismissed her prior complaint. (ECF No. 30 ("May 15 Order") at 7) ("Even under the most liberal reading, [the Complaint] remains vague and fails to provide details about any specific actions by specific defendants in order for the Court to find a cognizable claim."). The Court also

struck her Sixth Amended Complaint filed without seeking leave from the Court, denied her motions for a TRO and recusal, and closed the case. (*Id.* at 7–8). On May 26, 2026, Dejoie first filed a Rule 60(b) motion for reconsideration (ECF No. 35); then a third motion for temporary restraining order (ECF No. 33 ("TRO")); and notice of appeal of the May 15 Order (ECF No. 34). After carefully reviewing the record, and for the reasons set forth herein, Dejoie's TRO and motion for reconsideration are DENIED.

## **LEGAL STANDARD**

"Generally, filing a notice of appeal divests a district court of jurisdiction." *Am. Transit Ins. Co. v. Bilyk*, 514 F. Supp. 3d 463, 470–71 (E.D.N.Y. 2021) (citing *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982)). However, if the notice of appeal is filed while a timely filed motion for reconsideration is pending, the district court retains jurisdiction over the post-judgment motion, and the notice of appeal does not take effect until entry of an order disposing of the motion. *See* Fed. R. App. P. 4(a)(4)(B)(i); *Hodge v. Hodge*, 269 F.3d 155, 157 (2d Cir. 2001) (per curiam).

"Federal Rule of Civil Procedure 60(b) provides that district courts may relieve parties from judgments and orders under specific circumstances." *Robles v. Lempke*, No. 09-CV-2636 (AMD) (JO), 2018 WL 1320657, at *3 (E.D.N.Y. Mar. 14, 2018). "Such motions are properly granted only if there is a showing of: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) a need to correct a clear error or prevent manifest injustice." *Am. Transit Ins. Co.*, 514 F. Supp. at 470 (citation omitted). This is an "extraordinary" remedy to be employed sparingly "only upon a showing of exceptional circumstances." *Gibson v. SCE Grp., Inc.*, No. 15 Civ. 8168 (ER), 2019 WL 5188932, at *2 (S.D.N.Y. Oct. 15, 2019) (citing *Nemaizer v. Baker*, 793 F.2d 58, 61 (2d

Cir. 1986)); *see also Drapkin v. Mafco Consol. Grp., Inc.*, 818 F. Supp. 2d 678, 695 (S.D.N.Y. 2011) ("A motion for reconsideration is an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources.").

## DISCUSSION

I.     The Court Lacks Jurisdiction Over Plaintiff's Third Motion
       for a Temporary Restraining Order or Preliminary Injunction

Dejoie requests a TRO and preliminary injunction to enjoin various defendants "from contacting, approaching, following, surveilling, or interfering with Plaintiff during the pendency of Plaintiff's Rule 60(b) motion." (TRO at 2). She claims an "ongoing fear for personal safety arising from continuing interactions and incidents involving certain defendants and related individuals identified throughout the record of this case." (*Id.* at 1).  This is essentially the same request as her prior TROs, which the Court denied on the merits. (*See* May 6 and May 15 Orders). However, because the Court entered final judgment which Dejoie appealed, the Court lacks jurisdiction over this motion. It is therefore denied. *See Griggs*, 459 U.S. at 58 ("The filing of a notice of appeal is an event of jurisdictional significance – it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal.").

II.     Plaintiff Fails to Establish Any Legal Basis for Reconsideration

Dejoie seeks reconsideration on the grounds that as a *pro se* litigant who was denied a court-appointed attorney, she "made good efforts to comply with pleading requirements," "was not given a meaningful opportunity to present a reorganized complaint in compliance with Rule 8 before final judgment," and "seeks leave to file a

streamlined amended complaint that clearly separates claims by defendant and legal theory." (ECF No. 35 at 1). As her notice of appeal was filed while this timely motion for reconsideration was pending, the Court retains jurisdiction over the post-judgment motion. *Am. Transit Ins. Co.*, 514 F. Supp. 3d at 470–71.

Plaintiff was afforded multiple opportunities to amend her complaint. Unfortunately, after five amendments (*see* ECF Nos. 15, 16, 18, 21, 24), the Court was still unable to discern any cognizable claims. (May 15 Order at 7). Her *pro se* status "'does not exempt [her] from compliance with relevant rules of procedural and substantive law.'" *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983) (citation omitted); *Booker v. Dept. of Soc. Serv.*, No. 23-CV-4888 (ARL), 2026 WL 523064, at *5 (E.D.N.Y. Feb. 25, 2026).   As her complaint was dismissed without prejudice, Dejoie retains the opportunity to file a future action that complies with 28 U.S.C. § 1915(e)(2)(B)(ii) and Rule 8 of the Federal Rules of Civil Procedure. But a reconsideration of the Court's final Order here would surely not advance "interests of finality and conservation of scarce judicial resources."  *Drapkin*, 818 F. Supp. 2d at 695. Her motion for reconsideration is denied.

## **CONCLUSION**

For the reasons set forth above, Plaintiff's TRO (ECF No. 33) and motion for reconsideration (ECF No. 35) are denied. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *See Nowak v. JP Morgan Chase Bank, N.A.*, No. 18-CV-4972 (BMC) (SJB), 2019 WL 8348895, at *2 (E.D.N.Y. Apr. 1, 2019) (citing *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962)).

4

The Clerk of Court is respectfully directed to mail a copy of this Order to Plaintiff at her address of record and note the mailing on the docket.

SO ORDERED.

/s/ Ramón E. Reyes, Jr.

RAMÓN E. REYES, JR.
United States District Judge

Dated: May 31, 2026
        Brooklyn, New York